IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| In re: | Chapter 7 Proceeding |
|---|---|
| LORRAINE ADRIENNE DYBA, | Case Number: 18-81138 |
| Debtor | Judge Thomas M. Lynch |

## NOTICE OF MOTION

**TO:**  Served upon the following parties electronically:
Lorriane Adrienne Dyba via email at ldyba57@gmail.com
James E. Stevens, Trustee, 6833 Stalter Drive, Rockford, IL 61108
Courtesy Copy to Attorney Thomas J. Laz at tomlazattorney@yahoo.com

And served upon the following parties by mail:
Lorraine Adrienne Dyba, 1248 Trail Drive, Dixon, IL 61021

**PLEASE TAKE NOTICE** that on **June 4, 2018, at 9:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Thomas M. Lynch, U.S. Bankruptcy Court, 327 S. Church Street, Rockford, IL 61101, or before the judge then presiding in his stead, and present the Verified Motion for Relief from Stay and for Abstention of the undersigned, a copy of which is attached hereto and served upon you, and shall pray for the entry of an Order in compliance therewith, at which time you may appear if you so desire.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Verified Motion for Relief from Stay and for Abstention upon the Parties listed above via electronic notice and the same to be mailed in a properly addressed envelope to the parties listed above, by first class mail, postage prepaid, from 202 E. Fifth St., Sterling, IL, before 5:00 p.m. on May 30, 2018.

/s/ Paul A. Osborn
Paul A. Osborn
WARD, MURRAY, PACE & JOHNSON, P.C.
Attorney for Mark Joachim
202 East Fifth Street, P.O. Box 400
Sterling, IL 61081-0400
(815) 625-8200

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| IN RE: | ) | |
|---|---|---|
| | ) | Chapter 7 Proceeding |
| LORRAINE ADRIENNE DYBA, | ) | |
| | ) | Case No.: 18-81138 |
| Debtor. | ) | |

## MOTION TO SHORTEN NOTICE

NOW COMES Movant, Mark Joachim, by and through his attorney, Paul A. Osborn, and on an exparte basis moves this Court to shorten the notice requirements pursuant to Bankruptcy Rules 9006, 014 and 4001 requiring seven (7) days notice and moves the Court to shorten the notice requirements regarding the Verified Motion for Relief from Stay and for Abstention.

WHEREFORE, the Movant, Mark Joachim, prays that the Court enter an order shortening the required notice period of said Motion from seven (7) to five (5) days.

MARK JOACHIM

By WARD, MURRAY, PACE & JOHNSON, P.C.
His Attorneys

By /s/ Paul A. Osborn
Paul A. Osborn

Paul A. Osborn – ARDC #3127571
WARD, MURRAY, PACE & JOHNSON, P.C.
Attorneys for Mark Joachim
202 East Fifth Street
P.O. Box 400
Sterling, IL 61081
(815) 625-8200
osborn@wmpj.com

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 Proceeding |
| LORRAINE ADRIENNE DYBA, ) | |
| ) | Case No.: 18-81138 |
| Debtor. ) | |

## VERIFIED MOTION FOR RELIEF FROM STAY AND FOR ABSTENTION

To:    The Honorable Thomas M. Lynch
       Bankruptcy Judge

Mark Joachim, by his attorneys, Ward, Murray, Pace & Johnson, P.C., hereby moves the Court for an Order as follows:

### BACKGROUND AND FACTS

1.    This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1334 and 11 U.S.C. Section 362.

2.    Lorraine Adrienne Dyba, f/k/a Lorraine Joachim (Debtor) filed her petition under Chapter 7 of the Bankruptcy Code on May 26, 2018.

3.    James E. Stevens was duly appointed trustee herein.

4.    The Debtor and Movant, Mark Joachim ("MARK"), are parties to a divorce proceeding in the Circuit Court of the Fifteenth Judicial Circuit, Lee County, Illinois, captioned *"In re the Marriage of Lorraine Dyba, f/k/a Lorraine Joachim, Petitioner/Counter-Respondent v. Mark Joachim, Respondent/Counter-Petitioner*, No. 2017 D 70 (hereinafter, the "Divorce Proceeding").

## I. EMERGENCY DETERMINATION PURSUANT TO
## 11 U.S.C. § 362 (b)(2)(A)(iv) AND (v)

5.  In the Divorce Proceeding, on April 19, 2018, MARK filed a "Petition for Allocation of Use of Marital Residence," a copy of which is attached hereto as MARK's Exhibit "A" alleging, in relevant part, that:

> "MARK's mental and physical well-being is jeopardized by the continued co-occupancy of the residence. LORRAINE verbally abuses MARK on a daily basis and conducts herself in a manner calculated to cause MARK stress. Her actions and the continued co-occupancy have resulted in weight loss and gastrointestinal bleeding associated with severe emotional stress. MARK has consulted with a clinical psychologist, Carolyn VanDoren, Psy.D., who has advised him to ask LORRAINE to leave, which he did, but she refuses to leave."

6.  Following two days of testimony, Associate Judge Jacqueline Ackert entered an Order on May 17, 2018, granting MARK's Petition for Use of the Marital Residence and ordering LORRAINE to vacate the residence on or before June 1, 2018. The Order is attached as MARK's Exhibit "B".

7.  That the award of exclusive use is unrelated to LORRAINE's claim to an interest in the residence as an asset, which claim remains under advisement as the Court has not yet ruled on issues of the division of property, awaiting the submission of written closing arguments from both parties' attorneys.

8.  Because the Court's Order for Exclusive Use is pursuant to 750 ILCS 5/501(c-2), it, by statute, is the result of a finding that during the pendency of the proceeding, the physical or mental well-being of one spouse is jeopardized by occupancy by both spouses. Additionally, being a Section 501 Order, it also, by statute 501(d)(1) "does not prejudice the rights of the parties (or the child) which are to be adjudicated at subsequent hearings in the proceeding" that does not seek to determine any division of property that is property of the estate, making it qualify as an

2

exception to the stay provisions of 11 U.S.C. § 362(a) pursuant to § 362(b)(iv) and to the extent that domestic abuse is potentially involved, (b)(v).

II. RELIEF FROM STAY

9. In the Divorce Proceedings, the Court took testimony on April 26, 2018 and May 17, 2018, and took under advisement the issues of division of the parties' marital assets. Pursuant to 11 U.S.C. 362(a) and (b)(2)(A)(iv), relief from stay is required for the Court to rule on those matters under advisement.

10. In cases when a Debtor's divorce case is pending when the bankruptcy petition is filed by one spouse, state law determines if each spouse has an equitable but contingent interest in the other's property. See e.g. *In re Skorich*, 482 F.3d 21 (1st Cir., 2007); *Davis v. Cox*, 356 F.3d 76 (1st Cir., 2004); *In re White*, 212 BR 979 (BAP 10th Cir., 1997); *In re Swarup*, 521 BR 382 (Bankr. M.D. Fla, 2014); *In re Dzielak*, 435 BR 538 (Bankr. N.Dis.Ill., 2010).

11. Movant acknowledges that the Trustee has the right to intervene in the pending divorce case to protect the interests of creditors.

12. While the bankruptcy court has jurisdiction over all aspects of property of the estate, including the power to adjudicate the rights of the spouses to property, *In re Sokoloff*, 200 BR 300 (Bankr. E.D. Pa. 1996), most bankruptcy courts will not do so but will abstain when the state courts have already heard testimony regarding asset character, value and factors to consider in division. *In re Jacobs*, 401 BR 202 (Bankr. D. Md. 2008); *Matter of Levine*, 84 BR 22 (Bankr. S.D. N.Y. 1988); see also, *In re Abrams*, 12 BR 300 (Bankr. D.P.R. 1981) (bankruptcy court declined to exercise jurisdiction over marital status, even though it had jurisdiction over property). The bankruptcy court does not have the right to determine the spouses' rights in assets that are not property of the estate, i.e. exempt property that is no longer property of the estate and property owned by the nondebtor spouse. *In re Graziadei*, 32 F.3d 1408 (9th Cir. 1994); *In re Neal*, 302 BR 275 (B.A.P. 8th Cir. 2003); *Marriage of Seligman*, 18 Cal. Rptr.2d 209 (Ct. App. 1993); *In re Dally*,

3

202 BR 724 (Bankr. N.D. Ill. 1996). There is also the complicating factor that in this case, there is a claim for property "in lieu of maintenance." See also, *In re Burnett*, 408 BR 233 (B.A.P. 8th Cir. 2009), *aff'd in part, rev'd in part*, 646 F.3d 575 (8th Cir. 2011) (bankruptcy court properly refused to exercise jurisdiction to determine interest on support arrearage paid through completed plan); *In re Hurt*, 389 BR 551 (Bankr. W.D. Tenn. 2008) (bankruptcy court had no jurisdiction to modify child support in claim); *In re Vick*, 327 BR 477 (Bankr. M.D. Fla. 2005) (bankruptcy court had no authority to modify debtor's support obligations). The "domestic relations exception" to federal jurisdiction applies only to divorce, alimony and custody. *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206 (1992). Certainly the bankruptcy court has jurisdiction over the distribution of property even if it has abstained to allow the state court to determine the rights of the spouses to a property division. See *In re Dzielak*, 435 BR 538 (Bankr. N.D. Ill. 2010); *In re Sparks*, 181 BR 341 (Bankr. N.D. Ill. 1995); *In re Davis*, 133 BR 593 (Bankr. E.D. Va. 1991) (trustee could represent the estate's interest in property division to be determined in state court). Also see, *In re Schweikart*, 154 BR 616 (Bankr. D. R.I. 1993). In *Schweikart*, the court lifted the stay to allow the debtor's former spouse to continue proceedings in state court to determine the debtor's interest in the marital domicile and to determine the dischargeability of certain debts. Reasons included protracted prior litigation in state court, that court's familiarity with the case, its expertise in family matters and the fact that determinations required interpretation of a previous family court order.

WHEREFORE, MARK JOACHIM respectfully requests the Court enter Orders:

1. Finding that the enforcement of the state court's Order of May 17, 2018 for exclusive possession of the residence is a dissolution proceeding not seeking to determine the division of property of the estate and consequently is not stayed by the bankruptcy petition;

2. Granting relief from the stay to allow the state court to enter its ruling on all issues reserved and pending before it, including the division of assets and the issue of maintenance; and

3.    For such other and further relief as is just and proper.

        MARK JOACHIM

        By WARD, MURRAY, PACE & JOHNSON, P.C.
        His Attorneys

By_____/s/ Paul A. Osborn_____
        Paul A. Osborn

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____/s/ Mark A. Joachim_____
        MARK JOACHIM

Paul A. Osborn – ARDC #3127571
WARD, MURRAY, PACE & JOHNSON, P.C.
Attorneys for Mark Joachim
202 East Fifth Street
P.O. Box 400
Sterling, IL 61081
(815) 625-8200
osborn@wmpj.com

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
LEE COUNTY, ILLINOIS

FILED
Lee Co. Circuit Court
15th Judicial Circuit
Date: 4/19/2018 2:27 PM
Denise A. McCaffrey
JF

IN RE THE MARRIAGE OF: )
)
LORRAINE JOACHIM, )
)
    Petitioner/Counter-Respondent, )
)
vs. ) No. 2017 D 70
)
MARK JOACHIM, )
)
    Respondent/Counter-Petitioner. )

## PETITION FOR ALLOCATION OF USE OF MARITAL RESIDENCE

Now comes Counter-Petitioner, MARK JOACHIM ("MARK"), by and through his attorney, Paul A. Osborn, and pursuant to 750 ILCS 5/501(c-2), moves that this Honorable Court enter an Order granting him relief during the continued pendency of this cause, and in support of such motion, states as follows:

1. The Counter-Respondent, LORRAINE JOACHIM ("LORRAINE"), is able-bodied, employable and both prior to the marriage and during the marriage supported herself and provided her own housing until several months before filing her Petition when she voluntarily quit her job.

2. The house in Dixon, 1248 Trail Drive, while owned as tenants in common, was 100 percent financed, utilizing MARK's premarital farmland as collateral to secure the loan to get more favorable loan terms at 100 percent.

3. Since buying the house, MARK has made all the payments on the debt incurred to buy the house, all taxes, insurance, maintenance and utilities. LORRAINE has not contributed despite having her own income.

4. MARK's mental and physical well-being is jeopardized by the continued co-occupancy of the residence. LORRAINE verbally abuses MARK on a daily basis and conducts herself in a manner calculated to cause MARK stress. Her actions and the continued co-occupancy have resulted in weight loss and gastrointestinal bleeding associated with severe emotional stress.

EXHIBIT A

MARK has consulted with a clinical psychologist, Carolyn VanDoren, PsyD., who has advised him to ask LORRAINE to leave, which he did, but she refuses to leave.

5.  It is in the best interests of the parties, after balancing the hardships, that MARK have the sole and exclusive possession of the marital residence during the remaining pendency of this dissolution proceeding.

6.  It is likely that a ruling on the merits will include a permanent award of the house to MARK given LORRAINE's refusal to pay the costs associated with the house.

7.  Counsel for LORRAINE has stated in writing that if she does not obtain a favorable ruling from the trial court, she will appeal, because "she has nothing to lose" and that ". . . the amount of fees that I incur and the amount of time I put in this case, no matter how much, is irrelevant to me" because "I have known Lorraine for 40 years." (All quotes are from an e-mail dated Tuesday, January 16, 2018.)

WHEREFORE, Counter-Petitioner, MARK JOACHIM, respectfully requests that The Honorable Court enter an Order which grants him sole and exclusive possession of the marital residence during the continued pendency of this dissolution proceeding.

                    MARK JOACHIM, Respondent/Counter-Petitioner
                    By WARD, MURRAY, PACE & JOHNSON, P.C.
                    His Attorneys

By _____/s/ Paul A. Osborn_____
            Paul A. Osborn

Paul A. Osborn – ARDC #3127571
WARD, MURRAY, PACE & JOHNSON, P.C.
Attorneys for Respondent/Counter-Petitioner
202 East Fifth Street
P.O. Box 400
Sterling, IL  61081
(815) 625-8200
osborn@wmpj.com

2

STATE OF ILLINOIS } ss.
COUNTY OF LEE

GEN. NO. 2017 D 70

Lorraine Dyba
f/k/a Lorraine Joachim
Counter Resp.

VS.

Mark Joachim
Counter Petitioner

PLAINTIFF(S) — DEFENDANT(S)

FILED

| JUDGE Ackert | CLERK | PLTF. ATTY. | CHECK IF PRESENT |
| COURT REPORTER | DEPUTY MAY 17 2018 | | |
| | Denise A. McCaffrey LEE COUNTY CIRCUIT CLERK | DEFT. ATTY. | |
| Copy of this Order (mailed) (delivered) To: | | | |

## ORDER

This matter comes before the Court on May 17, 2018 for all 2nd 1/2 issues reserved in the Judgment of March 16, 2018 and upon MARK JOACHIM's Petition for Allocation of Use of the Dixon residence,

IT IS ORDERED

1) The Petition for Use of the Dixon residence is granted and LORRAINE DYBA shall vacate that residence on or before June 1, 2018.

2) MARK shall file his closing argument by May 24, 2018. LORRAINE shall file her closing argument by June 9, 2018 and MARK shall reply by June 14, 2018. The Court shall rule by written opinion.

Dated ........................, 20 18

Enter ........................ Judge

**ATTORNEY DRAFTING ORDER**

R. Oswald, atty for Mark Joachim
T. Lay atty for Lorraine Dyba

EXHIBIT B

ORIGINAL - Circuit Clerk's Copy   —   DUPLICATE - Attorney for Plaintiff Copy   —   TRIPLICATE - Attorney for Defendant Copy