IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
LEE COUNTY, ILLINOIS

IN RE THE MARRIAGE OF:                       )
                                             )
LORRAINE JOACHIM,                            )
n/k/a LORRAINE DYBA,                         )        No.  2017 D 70
                                             )
        Petitioner/Counter-Respondent,       )
                                             )
    vs.                                      )
                                             )
MARK JOACHIM,                                )
                                             )
        Respondent/Counter-Petitioner,       )
                                             )
    AND                                      )
                                             )
JAMES E. STEVENS,                            )
                                             )
        Trustee, Intervenor.                 )

*FILED*
OCT 09 2018
14                    14
Denise A McCaffrey
LEE COUNTY CIRCUIT CLERK
BY _____

## SUPPLEMENTAL
## JUDGMENT FOR DISSOLUTION OF MARRIAGE

This matter was before this Court on April 26, 2018 and May 17, 2018 for trial on all issues reserved in this Court's Judgment for Dissolution of Marriage entered herein on March 16, 2018; Counter-Petitioner, MARK JOACHIM ("MARK"), appeared in person and by his attorney, Paul A. Osborn; Counter-Respondent, LORRAINE DYBA, f/k/a LORRAINE JOACHIM ("LORRAINE"), appeared in person and by her attorney, Thomas J. Laz; the Court having heard the testimony of the witnesses, considered the documents admitted into evidence and having reviewed the written arguments of the parties as well as the written argument of the Chapter 7 Bankruptcy Trustee, James Stevens; the Court made findings of fact in a written Memorandum Opinion which was filed herein on September 13, 2018.  Those findings of fact and that Memorandum Opinion are incorporated into this Supplemental Judgment the same as if recited verbatim herein.

WHEREFORE, IT IS ORDERED:

1.    LORRAINE is awarded all of the items set forth on her Exhibit 39 admitted into evidence with the exception of the cross, which is awarded to MARK. She is additionally awarded the shop vac, card table and chairs, antique sled and chimes which were listed on her Exhibit 38. She is also awarded any other personal property which she owned prior to the marriage as her non-marital personal property. LORRAINE is additionally awarded her Toyota automobile and is ordered to pay and hold MARK free and harmless on the indebtedness secured by the title to that automobile owed to Toyota Motor Credit Corporation. LORRAINE shall also assume and hold MARK harmless on her credit card debts including, but not limited to, U.S. Bank and Chase. LORRAINE shall be solely responsible for her own attorneys' fees, and the petitions, motions, and requests of her attorney for contribution from MARK are denied.

2.    MARK is awarded all right, title and interest in and to the residence at 1248 Trail Drive, Dixon, Illinois, and shall assume and pay the indebtedness borrowed to purchase that from Sauk Valley Bank. He is also responsible for all utilities, taxes, insurance and other debts and obligations related to that residence. MARK is additionally awarded all of his premarital farmland and the stock portfolio which was also premarital together with all farm equipment, growing crop, harvested crop, stored crop and crop proceeds, all of which is non-marital. MARK is additionally awarded all items set forth on Petitioner's Exhibit 38 with the exception of the shop vac, card table and chairs, antique sled and chimes which were previously awarded to LORRAINE. MARK is awarded the cat and the cross listed on Petitioner's Exhibit 39. MARK is also awarded the washer/dryer, the big TV and the bedroom set. MARK is awarded the piano, and LORRAINE is required to return it to him in a reasonable timeframe. MARK shall pay and shall hold LORRAINE free and harmless on the indebtedness to Sauk Valley Bank, Milledgeville State Bank, Community State Bank and for his attorneys' fees.

3.    Each party is awarded his and her respective bank accounts and the balances in those accounts, and each is awarded any items of personal property not otherwise specifically provided for hereinabove which are in his or her respective possession.

2

4.     LORRAINE's request for a finding of dissipation is denied.

5.     Neither party is awarded maintenance and each is barred from any claim for either maintenance or alimony.

6.     The parties hereto shall execute, acknowledge and deliver good and sufficient instruments necessary and proper to vest the titles and estates in the respective parties thereto as hereinabove provided and thereafter, at any time and from time-to-time to execute, acknowledge and deliver any and all documents which may be necessary or proper to carry out the purpose of this Supplemental Judgment. This includes the specific obligation of LORRAINE to execute and deliver all deeds and transfer instruments necessary to remove her name from the legal title to 1248 Trail Drive, Dixon, Illinois.

7.     That this Court shall retain jurisdiction over the parties and over the subject matter hereof for purposes of enforcing this Supplemental Judgment for Dissolution of Marriage and all previous orders of the court not expressly merged into this Supplemental Judgment.

ENTERED: _____10/9_____, 2018

_____
JUDGE

3

Approved:

LORRAINE DYBA, Petitioner

By_____
         Thomas J. Laz, Her Attorney

Bankruptcy Estate of Lorraine Dyba

By_____
         James Stevens, Trustee

MARK JOACHIM, Respondent

By_____
         Paul A. Osborn, His Attorney

Paul A. Osborn – ARDC #3127571
WARD, MURRAY, PACE & JOHNSON, P.C.
Attorneys for Respondent/Counter-Petitioner
202 East Fifth Street
P.O. Box 400
Sterling, IL 61081
(815) 625-8200
osborn@wmpj.com

4